**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LARRY L. HUNTER, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> U.S. BANK NATIONAL ASSOCIATION, ) <br> ) <br> Defendant. ) | Case No.: 2:19-cv-00543-GMN-BNW <br><br> **ORDER** |

Pending before the Court is Defendant U.S. Bank National Association's ("Defendant's") Motion to Dismiss, (ECF No. 8).[1] Plaintiff Larry L. Hunter ("Plaintiff") filed a Response, (ECF No. 18), Defendant filed a Reply, (ECF No. 21), and Plaintiff filed a Sur Reply, (ECF No. 23). For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss.

## I. BACKGROUND

This case arises from Plaintiff's alleged default on the loan he obtained to finance the purchase of real property located at 4074 Blue Manor Lane, Las Vegas, NV 89032. (*See* Mot. to Dismiss ("MTD") 2:18–20). Plaintiff commenced this action by filing a document in state court styled as a Motion for Summary Judgment, hereinafter referred to as Plaintiff's Complaint, which seeks discharge of the loan obligation as well as damages totaling $1,500,000.00. (*See* Compl. ¶ 9, Ex. 1 to Petition for Removal, ECF No. 4). Defendant

---

[1] Also pending before the Court is Defendant's Motion to Deny, (ECF No. 10), regarding the Motion for Summary Judgment attached as an exhibit to the Petition for Removal. Plaintiff has not filed a document styled as a Complaint. Rather, he began the case by moving for summary judgment in state court. (*See* Pl.'s Mot. for Summ. J., Ex. 1 to Pet. for Removal, ECF No. 4). Defendant's Motion to Dismiss and its Motion to Deny regarding the Motion for Summary Judgment are both the same document. (*See* ECF Nos. 8, 10). Hereinafter, the Court references only the Motion to Dismiss in its discussion.

removed the case to this Court and now moves to dismiss the Complaint for failure to state a claim upon which relief can be granted. (*See* Pet. Removal, ECF No. 4); (MTD 3:16–13:2).

## II. <u>LEGAL STANDARD</u>

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

Plaintiff fails to provide adequate notice of the allegations he asserts against Defendant. As stated above, a pleading must give "fair notice of a legally cognizable claim and the grounds on which it rests." *Twombly*, 550 U.S. at 555; *see also* Fed. R. Civ. P. 8(a). The purpose of this requirement is not only to provide defendants with a fair opportunity to respond to plaintiff's allegations, but also to ensure the effective use of the court's resources. *See McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) (finding dismissal appropriate under Federal Rule of Civil Procedure 8 because "[p]rolix, confusing complaints . . . impose unfair burdens on litigants and judges.").

Here, Plaintiff's Complaint does not provide fair notice of the claims asserted and the grounds upon which they rest because the face of the Complaint fails to identify a single claim asserted against Defendants. Rather, Plaintiff appends over 100 pages of exhibits to the Complaint and asserts that, "[t]he grounds on which this motion is based are stated with particularity in Plaintiff's Letters and Notices and Certificate of Nonresponse, which is incorporated herein." (Compl. ¶ 1).

The Court is unable to ascertain the causes of action Plaintiff alleges. Plaintiff's Complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief;" it is not the role of the Court to formulate Plaintiff's case for him. *See* Fed. R. Civ. P. 8(a)(2); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988) ("If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a 'short and plain statement of the claim,' dismissal for failure to satisfy Rule 8(a) is proper."); *see also Northwestern Nat'l Ins. Co. v. Baltes*, 15 F.3d 660, 662 (7th Cir. 1994) ("District judges are not archaeologists. They need not excavate masses of papers in search of revealing

tidbits."). Plaintiff's reference to the Complaint's exhibits does not provide Defendant or the Court with adequate notice of the legal theories he seeks to pursue or the facts upon which those theories rest. Accordingly, the Court dismisses Plaintiff's Complaint with leave to amend.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Complaint, (Ex. 1 to Petition for Removal, ECF No. 4), is **DISMISSED without prejudice**. Plaintiff may file an amended complaint within twenty-one (21) days from entry of this Order.

**IT IS FURTHER ORDERED** that Defendant's Motion to Deny Plaintiff's Motion for Summary Judgment, (ECF No. 10), is **DENIED as moot**.

**DATED** this __31__ day of January, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court