**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LARRY L. HUNTER,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>U.S BANK NATIONAL ASSOCIATION;<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC. (MERS),<br><br>　　　　　　Defendants. | Case No.: 2:19-cv-00543-GMN-BNW<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss the Amended Complaint, (ECF No. 34), filed by Defendants U.S. Bank National Association ("U.S. Bank") and Mortgage Electronic Registration Systems, Inc. ("MERS"), (collectively, "Defendants"). Plaintiff Larry L. Hunter ("Plaintiff"), proceeding *pro se*, filed a Response, (ECF No. 41), and Defendants filed a Reply, (ECF No. 42).[1]  For the reasons discussed below, the Court **GRANTS** Defendants' Motion.

**I.　BACKGROUND**

This case arises from Plaintiff's alleged default on the loan he obtained to finance the purchase of real property.  On August 10, 2017, Plaintiff obtained a $235,926.00 loan, secured by a Deed of Trust ("DOT"), to finance the purchase of real property located at 4074 Blue Manor Ln., North Las Vegas, Nevada 89032 (the "Property"). (*See* DOT, Ex. 2 to Decl. Holly S. Stoberski ("Stoberski Decl."), ECF No. 35-2).  Under the DOT, Eagle Home Mortgage, LLC ("Eagle") is listed as the lender, and MERS is identified as the nominee beneficiary. (*Id.*).  On February 25, 2019, MERS recorded an Assignment of the DOT, which transferred the

---

[1] Plaintiff also filed a Surreply, (ECF No. 44).  However, the Court does not consider the Surreply because Plaintiff did not seek leave of Court as required under Local Rule 7-2(b).

beneficial interest in the DOT to U.S. Bank. (Assignment, Ex. 3 to Stoberski Decl., ECF No. 35-3).  Around January of 2018, Plaintiff allegedly ceased making payments under the DOT.[2] (*See* First. Am. Compl. ("FAC") ¶¶ 6–7, ECF No. 30).

On March 11, 2019, Plaintiff commenced this action in the Eighth Judicial District Court for Clark County. (Compl., Ex. 1 to Pet. Removal, ECF No. 4-1).  On April 2, 2019, Defendant U.S. Bank removed the case to this Court. (Pet. Removal, ECF No. 4).  Following dismissal of Plaintiff's Complaint for failure to satisfy Rule 8(a), (*see* Order, ECF No. 29), Plaintiff filed the First Amended Complaint on February 18, 2020, alleging the following causes of action: (1) breach of contract; (2) intentional infliction of emotional distress; and (3) unjust enrichment. (*See* FAC ¶¶ 11–35, ECF No. 30).  Defendants now move to dismiss the First Amended Complaint. (*See* Mot. Dismiss ("MTD"), ECF No. 34).

## II. <u>LEGAL STANDARD</u>

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

---

[2] Plaintiff claims throughout the FAC that the Assignment of his mortgage from Eagle to U.S. Bank was illegal, and that he ceased his payments as a result.  As the Court addresses below, these assertions of illegality lack factual or legal support.

U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . ." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Id.*  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss becomes a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

Plaintiff's claims—for breach of contract, infliction of emotional distress, and unjust enrichment—arise from his allegation that MERS fraudulently assigned the DOT to U.S. Bank. (*See* FAC at 1, ¶¶ 15–16, 19–22, 28–35). In their Motion to Dismiss, Defendants argue that Plaintiff does not have standing to challenge the Assignment and that Plaintiff fails to state any claims upon which relief can be granted. (MTD 3:10–8:2, ECF No. 34). The Court first addresses Plaintiff's standing to challenge the Assignment before turning to the sufficiency of the allegations in the First Amended Complaint.

#### A. Standing

In Nevada, a borrower lacks standing to challenge the validity of the assignment of his loan because the borrower is neither a party to the assignment nor a third-party beneficiary to the transaction. *Wood v. German*, 331 P.3d 859, 861 (Nev. 2014) (per curiam); *Christie v. Bank of New York Mellon*, *N.A.*, 617 F. App'x 680, 682 (9th Cir. 2015). Here, Plaintiff's claims depend on his allegation that MERS illegally assigned the DOT to U.S. Bank. (FAC ¶¶ 15–16, 19–22, 28–35). Plaintiff alleges that because MERS did not have a legal interest in the Property, MERS could not legally assign the DOT to U.S. Bank. (*Id.* at ¶ 16). Plaintiff does not have standing to challenge the Assignment because he is neither a party to the assignment nor a third-party beneficiary thereof. The Assignment does not affect Plaintiff's obligations as the borrower under the loan; it only changes to whom he makes his payments. Even if Plaintiff had standing, the First Amended Complaint fails to allege facts that could plausibly entitle Plaintiff to relief.

#### B. Breach of Contract

In Nevada, breach of contract constitutes "a material failure of performance of a duty arising under or imposed by agreement." *Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev. 1987). To establish a claim for breach of contract, a plaintiff must allege: (1) the

existence of a valid contract; (2) breach by a party to the contract; and (3) damages. *See Tarr v. Narconon Fresh Start*, 72 F. Supp. 3d 1138, 1141 (D. Nev. 2014).

Here, Plaintiff alleges that the Assignment breached a contract between himself and Eagle, causing him damages. (FAC ¶¶ 14–18, 26–27).  Plaintiff has alleged legal conclusions but not facts.  Plaintiff has failed to allege that the DOT prevents assignment, and that the hypothetical non-assignment term is material to the contract.  Accordingly, even though Plaintiff opposes the Assignment, he has not alleged facts indicating the Assignment breached the DOT.

### C. Intentional Infliction of Emotional Distress

Plaintiff alleges Defendants are liable for intentional infliction of emotional distress through their assignment of the DOT. (FAC ¶¶ 28–32).  Plaintiff alleges that Defendants' Assignment caused Plaintiff emotional trauma and stress. (FAC ¶¶ 29–30, ECF No. 30). Further, Plaintiff alleges that the stress of losing his home caused by Defendants' attempts to foreclose goes beyond the bounds of common decency. (*Id.* ¶¶ 30–32).

To allege a claim to intentional infliction of emotional distress, a Plaintiff must allege: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Dillard Dep't Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999) (en banc) (internal quotation omitted).  "[E]xtreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (per curiam) (internal quotation omitted).

Here, Plaintiff fails to allege facts necessary to establish a claim for intentional infliction of emotional distress.  First, damages for mental suffering and emotional distress are ordinarily not recoverable in an action for breach of contract. *Morgan v. Ocwen Loan Servicing, LLC*, No.

2:16-cv-02536-APG-PAL, 2018 U.S. Dist. LEXIS 63387, 2018 WL 1796292, at *4 (D. Nev. Apr. 16, 2018); *see also Erlich v. Menezes*, 981 P.2d 978, 983 (Cal. 1999).  Plaintiff also fails to establish that the conduct by either Defendant was extreme and outrageous.  Instituting foreclosure proceedings where Plaintiff is in default on a DOT does not amount to extreme and outrageous conduct. *Cf. Dowers v. Nationstar Mortgage, LLC*, 852 F.3d 964, 971–72 (9th Cir. 2017) (explaining that allegations of a defendant threatening to foreclose on a property without authority is not extreme and outrageous under Nevada law).  Lenders may pursue their own economic interest without being subject to a claim for infliction of emotional distress for exercising their contract rights. *See Smith v. Accredited Home Lenders*, No. 2:15-cv-01130-KJD-VCF, 2016 U.S. Dist. LEXIS 33206, 2016 WL 1045507, at *3 (D. Nev. Mar. 15, 2016).  Thus, Plaintiff cannot state a plausible claim to intentional infliction of emotional distress.

### D.  Unjust Enrichment

Plaintiff alleges that U.S. Bank was unjustly enriched from receiving Plaintiff's payments without having a legal and valid contract with Plaintiff. (FAC ¶ 34, ECF No. 30). Unjust enrichment is "the result or effect of a failure to make restitution of, or for, property or benefits received under such circumstances as to give rise to a legal or equitable obligation to account therefor." *Takiguchi v. MRI Intern., Inc.*, 47 F. Supp.3d 1100, 1119 (D. Nev. 2014) (quoting *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 113 Nev. 747, 942 P.2d 182, 187 (1997)).  "An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *LeasePartners Corp.*, 942 P.2d at 187.

Here, the DOT is an express, written contract.  Further, the DOT expressly allows assignment without prior notice to Plaintiff. (DOT ¶ 20, Ex. 2 to Stoberski Decl.). Accordingly, Plaintiff cannot recover under a theory of unjust enrichment.

Therefore, Plaintiff's First Amended Complaint does not state a plausible claim to relief. As Plaintiff does not have standing to challenge the Assignment of the DOT, leave to amend would be futile.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 34), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Amended Complaint, (ECF No. 30), is **DISMISSED with prejudice**.

The Clerk of the Court shall close the case and enter judgment accordingly.

**DATED** this __11__ day of December, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court