**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LARRY L. HUNTER,               ) | |
|                          ) | |
|         Plaintiff,      ) | Case No.: 2:19-cv-00543-GMN-BNW |
|    vs.                     ) | |
|                          ) | **ORDER** |
| U.S. BANK NATIONAL ASSOCIATION, *et*  ) | |
| *al.*,                         ) | |
|                          ) | |
|        Defendants.    ) | |

      Pending before the Court is Plaintiff Larry L. Hunter's ("Plaintiff's") Motion for Judgment on the Pleadings and Declaration of Recission and Damages ("Motion for Judgment"), (ECF No. 57). Defendants U.S. Bank National Association ("U.S. Bank") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants") filed a Response, (ECF No. 58), and Plaintiff did not file a Reply.

      Also pending before the Court is Defendants' Motion to Dismiss the Motion for Judgment, (ECF No. 59). Plaintiff did not file a Response.

      Also pending before the Court is the Motion to File an Amended Complaint, (ECF No. 60), and Corrections to the Motion, (ECF No. 61). Defendants filed a Response, (ECF No. 62), and Plaintiff did not file a Reply.

      Also pending before the Court is Plaintiff's Motion to Vacate Judgment, (ECF No. 63). Defendants filed a Response, (ECF No. 64), and Plaintiff did not file a Reply.

      Also pending before the Court is Plaintiff's Second Motion to Vacate Judgment, (ECF No. 65). Defendants filed a Response, (ECF No. 68), and Plaintiff did not file a Reply.

      For the reasons discussed below, the Motions are **DENIED**.

//

//

## I.   <u>BACKGROUND</u>

This case arises from Plaintiff's alleged default on a loan he obtained to finance the purchase of real property. (*See generally* Pet. Removal, ECF No. 4).  Plaintiff's Complaint raised the following claims in connection with Defendants' assignment of the loan: (1) breach of contract; (2) intentional infliction of emotional distress; and (3) unjust enrichment. (*See* First. Am. Compl. ¶¶ 11–35, ECF No. 30).  On March 2, 2020, Defendants moved to dismiss the Complaint. (*See* Mot. Dismiss, ECF No. 34.  The Court dismissed the Complaint with prejudice for failure to state a claim upon which relief could be granted. (Order, ECF No. 55).

Presumably before receiving the Order and Judgment, Plaintiff filed a Motion for Judgment on the Pleadings. (*See* Mot. J., ECF No. 57).  Given concern that the Court may construe the Motion as a Complaint, Defendants filed a Motion to Dismiss regarding Plaintiff's Motion, (ECF No. 59).  Thereafter, Plaintiff filed a Motion to file an Amended Complaint, (ECF No. 60) and Motions to Vacate Judgment, (ECF Nos. 63, 65).

## II.   <u>LEGAL STANDARD</u>

Although Plaintiff styles his Motion as a motion to vacate, it appears that Plaintiff has actually made a motion for reconsideration under Rule 60 of the Federal Rules of Civil Procedure. Rule 60(b) governs relief from a judgment or order:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>   (1) mistake, inadvertence, surprise, or excusable neglect;
>   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>   (4) the judgment is void;
>   (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>   (6) any other reason that justifies relief.

1    Fed. R. Civ. P. 60(b).  The Ninth Circuit has distilled the grounds for reconsideration into three

2    primary categories: (1) newly discovered evidence; (2) the need to correct clear error or prevent

3    manifest injustice; and (3) an intervening change in controlling law. *School Dist. No. 1J v.*

4    *ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

5    **III.**    **DISCUSSION**

6           The Court first addresses the pending Motions that relate to the Court's Judgment but do

7    not request that the Court set aside its Judgment.  Plaintiff moved for judgment on the pleadings

8    after the Court had already entered its Judgment. (*See* J., ECF No. 56); (Mot. J. Pleadings, ECF

9    No. 57).  Given that the Court has already entered judgment, the Court cannot grant the

10    requested relief.  Additionally, the Court does not construe the Motion as a Complaint because

11    it is not properly styled as a Complaint under Federal Rule of Civil Procedure 8; therefore, the

12    Court also denies the Defendants' Motion to Dismiss.

13           The Court also denies as moot the Motion to Amend.  Given that the Court dismissed

14    Plaintiff's Complaint with prejudice, Plaintiff cannot secure leave of Court to amend his

15    Complaint unless and until the Court reconsiders its Judgment.  As the Court has not done so,

16    and dismissal with prejudice operates as a final judgment on the merits, the Court cannot grant

17    the requested relief.

18           The Court next turns to Plaintiff's Motions to Vacate Judgment.  Plaintiff argues that the

19    Court should vacate judgment because of his excusable neglect and his limited understanding

20    of legal process. (*See* First Mot. Vacate at 1–2, ECF No. 63); (*see also* Second Mot. Vacate at

21    3, ECF No. 65).  He contends that he has not acted with any intent to delay and has pursued his

22    claims in good faith. (*Id.* 2–3).

23           The Court neither takes issue with Plaintiff's procedural compliance in this case nor the

24    sincerity of his tactics.  Rather, the Court concluded that the facts as alleged by Plaintiff cannot

25    support a viable legal theory. (*See* Order, ECF No. 55).  As Plaintiff has not pleaded facts that

could support a viable cause of action against Defendants, and Plaintiff has not explained any additional considerations that would support reconsideration of the Court's conclusion under Federal Rule of Civil Procedure 60(b), the Court denies the Motions to Vacate.

**IV.   CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Judgment on the Pleadings, (ECF No. 57), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss, (ECF No. 59), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to File an Amended Complaint, (ECF No. 60), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's First Motion to Vacate Judgment, (ECF No. 63), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Second Motion to Vacate Judgment, (ECF No. 65), is **DENIED**.

Dated this 11 day of June, 2021.


_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT